# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GREGORY W. STEWART, | Case No. 1:20-cv-00969-SAB-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. MACOMBER, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new,

1 retroactive, constitutional right or (2) the factual basis of the claim was not previously
2 discoverable through due diligence, and these new facts establish by clear and convincing
3 evidence that but for the constitutional error, no reasonable factfinder would have found the
4 applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

5 However, it is not the district court that decides whether a second or successive petition
6 meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive
7 application permitted by this section is filed in the district court, the applicant shall move in the
8 appropriate court of appeals for an order authorizing the district court to consider the
9 application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can
10 file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–
11 57 (1996). This Court must dismiss any second or successive petition unless the Court of
12 Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter
13 jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

14 In the instant petition, Petitioner challenges his 1994 conviction and sentence in Merced
15 County Superior Court case for sale of a controlled substance. (ECF No. 1 at 1).[1] Petitioner
16 previously sought federal habeas relief in this Court with respect to the same conviction
17 numerous times. See Stewart v. McGrath, No. 1:00-cv-05452-SMS (dismissed as untimely);
18 Stewart v. Sullivan, No. 1:06-cv-01400-WMW (dismissed as successive); Stewart v. Adams, No.
19 1:09-cv-00685-GSA (same); Stewart v. Adams, No. 1:09-cv-02212-JLT (same); Stewart v.
20 Macomber, No. 1:10-cv-00954-AWI-DLB (same); Stewart v. Macomber, No. 1:11-00814-DLB
21 (same); Stewart v. Macomber, No. 1:12-cv-00594-JLT (same); Stewart v. Macomber, No. 1:14-
22 cv-00266-AWI-MJS (same); Stewart v. Macomber, No. 1:15-cv-00051-SKO (same); Stewart v.
23 Macomber, No. 1:15-01592-SMS (same); Stewart v. Macomber, No. 1:16-cv-00948-EPG
24 (same); Stewart v. Macomber, No. 1:16-cv-01428-EPG (same); Stewart v. Macomber, No. 1:17-
25 cv-00415-AWI-JLT (same); Stewart v. Macomber, No. 1:17-cv-00683-SAB (same); Stewart v.
26 Macomber, No. 1:17-cv-01100-EPG (same); Stewart v. Macomber, No. 1:17-cv-01420-EPG
27
28 [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

(same); Stewart v. Macomber, No. 1:18-cv-00012-LJO-MJS (same); Stewart v. Macomber, No. 1:18-cv-00338-DAD-EPG (same); Stewart v. Macomber, No. 1:18-cv-01588-AWI-JLT (same); Stewart v. Macomber, No. 1:19-cv-00370-AWI-SKO (same); Stewart v. Macomber, No. 1:19-cv-00731-AWI-JDP (same); Stewart v. Macomber, No. 1:19-cv-01056-LJO-JLT (same); Stewart v. Macomber, No. 1:19-cv-01331-DAD-JDP (same); Stewart v. Macomber, No. 1:20-cv-00221-DAD-EPG (same).[2]

Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 22, 2020**

UNITED STATES MAGISTRATE JUDGE