UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>    Petitioner,<br><br>  v.<br><br>J. MACOMBER,<br><br>    Respondent. | No.  1:20-cv-00969-NONE-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 6) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges he did not receive a fair trial; evidence in his case was obtained as the result of an unconstitutional search; he received ineffective assistance from his counsel; and there was insufficient evidence presented at his trial to find him guilty.  (*See* Doc. No. 1.)

On July 22, 2020, the assigned magistrate judge issued findings and recommendation that recommended dismissing the petition as an unauthorized successive petition.  (Doc. No. 6.)  This recommendation was based on the finding that petition has filed numerous other petitions seeking federal habeas relief with respect to this same state court conviction.  (*Id*. (listing approximately twenty-three separate petitions).)  Before filing a second or successive petition, petitioner was required to obtain leave of the Ninth Circuit before proceeding.  (*Id*. (citing 28 U.S.C. §

2244(b)(3)).) The findings and recommendations note that petitioner's first habeas petition, filed in 2000, was dismissed as untimely; however, filing a petition that fails to comply with the statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") renders subsequently filed petitions second or successive under AEDPA. (*Id*. (citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009)).) Petitioner has not demonstrated that he has received authorization from the Ninth Circuit to file a second or successive petition in this matter. (*Id*.)

The findings and recommendation were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendation. Petitioner filed timely objections. (Doc. No. 8.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that those findings and recommendation to be supported by the record and proper analysis.

In his objections, petitioner appears to request a review of the case numbers of his various past Ninth Circuit appeals because a court order referenced a case number that "does not exist" in petitioner's records. (Doc. No. 8 at 4.) Petitioner argues that if an illegal appeal case number exists, "the trial court is entitled to reconsider all court sentencing and choices." (*Id.* at 5.) Whether there was some sort of clerical error regarding petitioner's appellate case numbers in the Ninth Circuit is irrelevant to the issue before this court. The instant federal habeas petition is successive, and petitioner has not received authorization from the Ninth Circuit to file a successive petition. Accordingly, the petition must be dismissed.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on July 20, 2020 (Doc. No. 6) are adopted;
2. The petition for writ of habeas corpus is dismissed as an unauthorized second or successive petition;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 2, 2020**                    /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE